UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CR 380 RWS |
| ) | |
| LEROY SHIPP and ) | |
| STEPHON WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

The Court referred this matter to United States Magistrate Judge Noelle C. Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On July 31, 2020, Judge Collins filed her Report and Recommendation that the motions to suppress filed by defendants Leroy Shipp [251] and Stephon Wright [246] should be denied. [340].

Defendants object to the Report and Recommendation by raising the same arguments made in front of Judge Collins, and this Court has conducted a de novo review of all matters relative to defendants' motions and objections.   After careful consideration, I will adopt and sustain Judge Collins' thorough Report and Recommendation in its entirety and deny the motions to suppress.

As for defendants' objections that the government did not meet the legal necessity requirement for the wiretap,[1] I agree with Judge Collins' analysis that there was more than a substantial basis to conclude that the wiretap affidavits satisfied the provisions of 18 U.S.C. § 2518(1)(c).  The wiretaps were not used by law enforcement to launch the investigation, and the wiretap affidavits set out detailed explanations of the use of traditional investigative techniques and their limitations in the investigation.  Judge Collins correctly concluded that the wiretap affidavits set forth specific statements that supported the government's position that wiretap evidence could expose a larger conspiracy.  The Court adopts Judge Collins' conclusions and rejects defendants' conclusory argument that the wiretaps were unnecessary because "normal investigatory procedures worked fine."

Defendants also object to Judge Collins' finding that the government used proper minimization techniques when monitoring their phones using the Title III wiretap by restating previously-made arguments.  I conclude that Judge Collins correctly analyzed and rejected these arguments, and I adopt her reasoning in overruling defendant's objections and finding that the record demonstrates that the government utilized appropriate steps regarding minimalization that complied with

---

[1] This objection is specifically raised in defendant Wright's objections, but defendant Shipp incorporates defendant Wright's objections except as they relate to the first Title III wiretap.

2

the requirements under Title III and the judicially-authorized wiretap orders, and that these procedures were extensive and meaningful.  I also conclude that Judge Collins properly rejected defendant Shipp's argument regarding the government's alleged failure to generate daily logs or reports because he has not pointed to any such requirement or identified any specific communications that should have been, but were not, minimized.

Defendants also object to Judge Collins' finding that there was probable cause to support the wiretaps.  I conclude that Judge Collins correctly determined that the affidavits supporting the wiretap applications recited sufficient probable cause, including information from confidential informants which was corroborated by other investigative techniques, and that the issuing judges had a substantial basis to believe the targets of the investigation were engaged in or discussing the target offenses and to authorize the wiretaps.

For the reasons set out in the Report and Recommendation, defendants' objections [350, 351] to Judge Collins' recommendations are overruled, and the motions to suppress will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on July 31, 2020 [340] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that defendant Wright's objections to the Report and Recommendation [350] and defendant Shipp's objections to the Report and Recommendation [351] are overruled.

**IT IS FURTHER ORDERED** that defendant Shipp's motion to suppress [251] and defendant Wright's motion to suppress [246] are denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2020.