UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CR 380 RWS |
| ) | |
| LEROY SHIPP and ) | |
| STEPHON WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The Court referred this matter to United States Magistrate Judge Noelle C. Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On September 30, 2021, Judge Collins filed her Report and Recommendation that the pretrial motions filed by defendants Leroy Shipp [250, 289] and Stephon Wright [247, 248] should be denied, granted in part and denied in part [249, 252, 253, 244], and denied without prejudice [245].   [450].

Defendant Shipp had filed objections to the Report and Recommendation [452] by raising the same arguments made in front of Judge Collins, and this Court has conducted a de novo review of all matters relative to Shipp's motions and objections.   Defendant Wright has not objected to the Report and Recommendation, and his time for doing so has expired.

1

After careful consideration, I will adopt and sustain Judge Collins' thorough Report and Recommendation to the extent it recommends denying, denying as moot, or denying without prejudice certain motions.  To the extent Judge Collins recommends granting in part the remaining motions which deal with pretrial disclosure deadlines, the Court declines to issue a ruling on those recommended rulings at this time because some of Judge Collins' recommended deadlines with respect to Document Numbers 249, 252, and 253 appear to conflict with the Order Setting Trial Procedures issued on October 1, 2021.

The Court has a pretrial telephone conference with counsel on Monday, November 22, 2021.  By Friday, November 19, 2021, the Court would like counsel to file a joint memorandum with the Court which sets out each pretrial deadline recommended by Judge Collins in her September 30, 2021 Report and Recommendation, what the corresponding deadline currently is (if any) in the Order Setting Forth Trial Procedures (Doc. 451), and whether the parties are requesting that the Court adopt the deadline proposed by Judge Collins or keep the deadline (if any) imposed by the Order Setting Forth Trial Procedures.  If the parties disagree on their requests, the memorandum shall set out each parties' position and the nature of the disagreement.  If the parties jointly request the Court to adopt all proposed deadlines set out by Judge Collins in her Report and

2

Recommendation, the memorandum shall so state and shall be accompanied by a proposed Amended Order Setting Forth Trial Procedures which sets out the agreed-upon deadlines for the Court's consideration.

With respect to his motion and addendum to motion to suppress (Docs. 250, 289), Shipp raises the same arguments made before Judge Collins concerning evidence seized from 5069 Wells, Apartment 2E on April 26, 2018. Shipp argues that all of the seized evidence should be suppressed because the "community caretaker" exception to warrant requirement does not apply. After discussing the recent change in the law with respect to the community caretaker exception announced by the United States Supreme Court in *Caniglia v. Strom*, 141 S. Ct. 1596 (2021), and discussed by the Eighth Circuit Court of Appeals in *United States v. Sanders*, 4 F.4th 672 (8th Cir. 2021), Judge Collins concluded that the exception applied in this case given Detective Brown's knowledge of Ms. Dokes' advanced age, his belief that she was in the apartment and likely to be disoriented by the use of flash bangs, and his manner of entry by announcing himself repeatedly as police before advancing inside using Shipp's key.

After due consideration, I agree with Judge Collins' analysis that, while a close question, the community caretaker exception permitted the warrantless entry into 5069 Wells, Unit #2E under these circumstances. Accordingly, Shipp's

3

motion to suppress evidence obtained from this address is denied. The Court adopts Judge Collins' conclusions and rejects Shipp's arguments for the reasons stated in the Report and Recommendation.

I conclude that Judge Collins correctly analyzed the arguments set out in the remaining motions, and I adopt her proposed rulings with respect to those motions (unless the ruling recommends granting certain motions and imposing pretrial deadlines) for the reasons set out in the Report and Recommendation. The Court declines Shipp's request to file a motion to sever without prejudice to his right to file such a motion if necessary at a later time. As Judge Collins explained with respect to Wright's motion to sever, any discussion about severance at this time would be based on speculation.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Shipp's objections [452] to Judge Collins' recommendations are overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation filed on September 30, 2021 [450] is adopted in part as follows:

**IT IS HEREBY ORDERED** that Defendant Leroy Shipp's Motion to Suppress Evidence and Statements [250] and Addendum to Motion to Suppress Evidence and Statements [289] are **DENIED;**

4

**IT IS HEREBY ORDERED** that Defendant Stephon Wright's Motion to Suppress Statements [247] and Motion to Suppress Evidence [248] are **DENIED;** and

**IT IS HEREBY ORDERED** that Defendant Stephon Wright's Motion for Severance [245] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that by **Friday, November 19, 2021**, the parties shall a joint memorandum in compliance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the remaining recommended rulings set out in Judge Collins' September 30, 2021 Report and Recommendation are held in abeyance pending the November 22, 2021 telephone conference.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2021.